# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1370V
Filed: April 21, 2017

* * * * * * * * * * * * * * *
WARREN FISKE, \*
\*                    Special Master Sanders
     Petitioner, \*
\*                    Attorneys' Fees and Costs;
v. \*                    Reasonable Amount to Which
\*                    Respondent Does Not Object.
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
\*
     Respondent. \*
* * * * * * * * * * * * * * *

<u>Amber D. Wilson</u>, Maglio Christopher & Toale, PA, Washington DC, for Petitioner.
<u>Lisa A. Watts</u>, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

      On November 12, 2015, Warren Fiske ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 21, 2014, he developed neurological injuries, including transverse myelitis ("TM"). Decision, ECF No. 31.  Special Master Hamilton-Fieldman issued a decision on the parties' Stipulation on October 28, 2016.  *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 2, 2017, Petitioner filed a Motion for Attorney's Fees. Mot. Att'y's Fees, ECF No. 38. Petitioner requested attorneys' fees in the amount of $15,489.80 and attorneys' costs in the amount of $921.64, totaling $16,411.44. *Id.* at 1-2. In the motion for fees, Petitioner wrote that Respondent "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." *Id.* at 1. Petitioner also stated, "Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $16,411.44,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Amber D. Wilson, of Maglio Christopher and Toale, PA.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).